# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:03cv00505-W

| | | |
|---|---|---|
| VANCE SOUTHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL A. D'AMELIO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Plaintiff's Objections to the Memorandum and Recommendation ("M&R") (Doc. No. 29) of United States Magistrate Judge David Keesler recommending that Defendant's Motion to Dismiss, or in the Alternative, to Transfer Venue to Massachusetts (Doc. No. 9) be granted in part as to the Motion to Dismiss based on lack of personal jurisdiction, and the alternative Motion to Transfer venue to Massachusetts be denied as moot. For the reasons stated herein, the Court adopts the M&R's recommendation and GRANTS Defendant's Motion to Dismiss. Accordingly, Defendant's alternative motion is DENIED AS MOOT.

This Court conducts a *de novo* review of those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Those portions of the M&R to which only general or conclusory objections are lodged may be affirmed by the Court unless clearly erroneous or contrary to law. Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

After conducting a *de novo* review of the M&R, the Court finds no error in, summarily agrees with, and adopts those portions of the M&R to which no objection was raised, including the section

on factual and procedural history, as well as those portions setting forth the applicable law in evaluating general and specific personal jurisdiction.

Turning to Plaintiff's specific objections, Plaintiff first argues the M&R's reliance on the case of CEM Corp. v. Personal Chemistry AB, 192 F. Supp. 2d 438 (W.D.N.C. 2002), aff'd, 55 Fed. Appx. 625, 2003 WL 122510 (4th Cir. 2003) (unpublished), is misguided. According to Plaintiff, CEM Corp. is factually distinguishable because it involved a dispute over underlying *litigation*, whereas the subject of the dispute in this case arises out of an underlying *employment contract*. Plaintiff's Complaint, however, asserts claims arising out of "the respective rights and duties of Plaintiff Vance Southard and Defendant D'Amelio under the Settlement Agreement of May 1999." (Complaint, Doc. No. 1, ¶ 41). Plaintiff does not assert claims based on his prior employment. Plaintiff also argues the underlying dispute in CEM Corp. bore no relation to North Carolina, whereas the underlying dispute here directly implicates a substantial connection to this State. Plaintiff's evidence of a connection, however, relates to Plaintiff's employment contract with a non-party, foreign corporation, which is irrelevant to the Court's consideration of a connection to North Carolina arising out of the Settlement Agreement sought to be enforced. Furthermore, the Court is not persuaded by Plaintiff's attempt to show an ongoing performance of continued course of dealing because the two *potential* future payments were limited by their scope and time.

The Court finds that the magistrate judge, in his M&R to the Court, carefully evaluated the case of CEM Corp., correctly found it to be strikingly similar to the case at bar, and properly applied the law from that case. Thus, the Court overrules Plaintiff's objection that CEM Corp. is a distinguishable case, and accordingly, adopts those portions of the M&R applying CEM Corp. to the facts at bar.

Plaintiff next objects on the basis that the M&R misapplied the relevant legal standard because it failed to resolve all inferences in favor of the existence of jurisdiction. In support of this objection, Plaintiff cites to the portion of the M&R that states, "[a]lthough Southard and D'Amelio disagree as to who initiated the trip and when that trip occurred, it is undisputed that after the telephone call, D'Amelio traveled to North Carolina." Plaintiff argues the M&R should have drawn the inference that Defendant purposely availed himself of the protections and benefits of North Carolina by initiating contact with North Carolina. Even allowing Plaintiff the inference that Defendant initiated the trip to North Carolina, this single visit to North Carolina, without more, is insufficient to confer personal jurisdiction over Defendant. See CEM Corp., 55 Fed. Appx. at 625 ("One visit to the state, accompanied by a few telephone calls and faxes to settle litigation initiated against it in Sweden, would not put [the defendant] on notice that it 'should reasonably anticipate being haled into court' in North Carolina.") (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)); see also Le Bleu Corp. v. Standard Capital Group, Inc., 11 Fed. Appx. 377, 2001 WL 672066 (4th Cir. 2001) (unpublished) (affirming dismissal for lack of personal jurisdiction where defendants sent representatives to North Carolina on two occasions related to the underlying dispute). As such, the Court finds no error in the challenged findings of the magistrate judge.

Plaintiff next contends the M&R misconstrues the nature and depth of Defendant's contacts with North Carolina by ignoring relevant legal authority. In support of this argument, Plaintiff points to cases cited and arguments presented in his earlier memorandum of law to the magistrate judge. The Court finds, upon *de novo* review of the record, that the M&R is well-supported by the evidence and is guided by relevant, applicable legal authority, which adequately addresses the issues. In fact,

the M&R considered and addressed the main case upon which Plaintiff's objection rests: <u>Regent Lighting Corp. v. Galaxy Elec. Manuf., Inc.</u>, 933 F. Supp. 507 (M.D.N.C. 1996). Accordingly, Plaintiff's objection is overruled.

Finally, Plaintiff's fourth objection argues the M&R ignores relevant portions of North Carolina's "Long-Arm" Statute. Plaintiff again confuses the relevant contacts with North Carolina related to the Settlement Agreement in evaluating personal jurisdiction in this case, and argues facts arising out of an employment contract with a non-party. As stated in the M&R, "only contacts related to the contract at issue are relevant to the specific personal jurisdiction analysis." <u>CEM Corp.</u>, 55 Fed. Appx. at 625. Furthermore, Defendant's one time payment to Plaintiff, who happened to reside in North Carolina, is too attenuated to establish the relevant minimum contacts necessary to confer personal jurisdiction over Defendant. Thus, this objection is also overruled.

Upon *de novo* review of the evidence, and after careful consideration of Plaintiff's objections, the Court is satisfied with the findings of fact, analysis, and recommendation by Magistrate Judge Keesler to dismiss this matter for lack of personal jurisdiction. As to Defendant's alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a) from one proper venue to another proper venue, the Court agrees with the magistrate judge's recommendation to deny this *alternative* motion as moot since the motion to dismiss is granted.

Plaintiff has failed to submit any motion to the Court to cure the jurisdictional defects present in this case. Nevertheless, the Court can consider, *sua sponte*, the possibility of transfer pursuant

to 28 U.S.C. § 1406(a), notwithstanding the Court's lack of personal jurisdiction.[1] See Feller v. Brock, 802 F.2d 722, 729 n. 7 (4th Cir. 1986) (citing 15 C. Wright, A. Willer, E. Cooper, Federal Practice and Procedure § 3844 at 329-30 (1986)); see also Trujillo v. Williams, 2006 U.S. App. LEXIS 26746, *28, 2006 WL 2949135, *7 (10th Cir., Oct. 17, 2006) ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice."); Caldwell v. Palmetto State Savings Bank, 811 F.2d 916 (5th Cir. 1987) ("Under the transfer statute, a district court may transfer a case upon a motion or *sua sponte*.").

Section 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Therefore, although this Court does not have personal jurisdiction over Defendant and although venue is improper here, 28 U.S.C. § 1406(a) permits the Court to transfer this matter to a different forum "in the interest of justice."

Here, the M&R properly found, "All conduct by Mr. D'Amelio [Defendant] allegedly breaching the Settlement Agreement took place in Massachusetts." (Doc. No. 29, p. 12). Not only was Massachusetts the location of the alleged wrongful conduct, but also, Defendant contends, "the documentary and testimonial evidence necessary to resolve the parties' dispute is located primarily

---

[1] Although both 1404(a) and 1406(a) provide the court the ability to transfer a case, the distinction between the two sections is critical. "Following a 1404(a) transfer, the state law of the transferor remains controlling, while after a 1406(a) transfer, the state law of the transferee court controls." Global Crossing Telecom. v. World Connection Grp., 287 F. Supp. 2d 760 (E.D.Mich. 2003) (citing Martin v. Stokes, 623 F.2d 469, 472-73 (6th Cir. 1980); Ferens v. John Deere Co., 494 U.S. 516, 108 L. Ed. 2d 443 (1990)). Here, 1404(a) does not apply because venue is not proper in North Carolina. See 28 U.S.C. § 1391. Thus, the only way to transfer this case is through application of 1406(a), which applies where venue is lacking.

in Massachusetts." (Doc. No. 11, p. 18). Moreover, its is undisputed that Defendant transacted business in Massachusetts, which is sufficient to establish personal jurisdiction under MASS. GEN. LAWS ch. 223A, § 3(a). Massachusetts has a six-year statute of limitations for breach of contract claims, such as those at bar. See MASS. GEN. LAWS ch. 260, § 2 (2006). Accordingly, the Court's ruling today to dismiss this action does not foreclose on Plaintiff's opportunity to have his day in court, albeit in a different jurisdiction.

Since Plaintiff has not requested transfer and, in fact, argued against Defendant's motion to transfer to Massachusetts, the Court declines to transfer this action on its own motion, but grants the motion to dismiss *without prejudice*. This leaves Plaintiff with the consideration of whether to file a new action. The Court notes that had the statute of limitations expired in this matter, the Court would likely be willing to transfer this matter, *sua sponte*, in the interests of justice.

The Court, finding no error, OVERRULES Plaintiff's objections to the M&R, ACCEPTS the recommendation of the magistrate judge, and ADOPTS it as the final decision of this Court.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Dismiss is GRANTED and Defendant's Alternative Motion to Transfer is DENIED AS MOOT. This action is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to close the case.

Signed: November 28, 2006

Frank D. Whitney
United States District Judge